# IN RE DROOP.

PATENTS; PATENTABILITY; ANTICIPATION.

A process for covering a tennis or other playing ball, consisting of making a crocheted or knitted cover, and inserting the deflated ball through a slit in the cover, and closing the edges of the wrapper by making new meshes of the same material, or inflating the ball after the cover is so closed, is not patentable, having been anticipated.

No. 445.   Patent Appeals.   Submitted January 20, 1908.   Decided February 4, 1908.

HEARING on an appeal from a decision of the Commissioner of Patents rejecting an application for a patent.    *Affirmed.*

*Mr. James L. Norris* and *Mr. James L. Norris, Jr.,* for the appellant.

*Mr. Frederick A. Tennant* for the Commissioner of Patents.

Mr. Justice ROBB delivered the opinion of the Court:

This is an appeal from the refusal of the Commissioner of Patents to issue letters patent to Paul Emil Droop upon a method of covering and inflating playing balls for tennis and other games, as described in the following counts:

"1. The herein-described method of covering playing balls for tennis and other games, consisting in knitting separately a spherical wrapper and leaving a slit therein, inserting the elastic shell of the ball through said slit, and then uniting the edges of the slit.

"2. The herein-described method of covering playing balls for tennis and other games, consisting in knitting separately a

spherical wrapper having juxtaposed edges, placing the elastic ball within the wrapper, and then drawing together the edges of the wrapper by making new meshes of the same material as the wrapper, and so inclosing the elastic ball.

"3. The herein-described method of covering and inflating playing balls for tennis and other games, consisting in knitting separately a spherical wrapper and leaving a slit therein, inserting the elastic shell of the ball through said slit and then closing the said slit by making new meshes between the edges thereof, and thereafter inflating the inner elastic ball."

These claims were severally rejected because of the following references:

Allerton, July 14, 1868, No. 79,933; Esty, July 22, 1884, No. 302,388; Waddington, Feb. 26, 1889, No. 398,558; Bissell, Oct. 30, 1900, No. 660,787; British patent to Lord, May 11, 1898, No. 10,796.

In the British patent to Lord is found the idea of covering an inflated rubber ball with crocheted or knitted material, and thereby dispensing with the necessity of using cement or other adhesive. The Lord application contains the following:

"I am aware that indiarubber balls have previously been covered with a case of material, the latter being usually attached to the ball by means of a cement or other adhesive. My invention, however, differs essentially from this, in that I use no adhesive, and also in the fact that I do not use a material, but crochet or otherwise knit a strip of tape or other like substance on to the ball."

The American patent to Bissell discloses "a tether-ball comprising a resilient ball, a cover of fibrous material inclosing the same, and a ring or loop attached to said cover and having a surface composed of a continuation of the threads of the cover."

There is nothing new, therefore, in the idea of a knitted cover; nor is there anything new in the idea of inserting a deflated ball in the cover and then fully inflating it, as that idea is disclosed in the Allerton patent. Allerton in his application says: "The nature of my said invention consists in an India-

rubber bag, or other article to be inflated or distended, in combination with a separate covering of cloth, felt, or similar material, that supports the rubber fabric and prevents injury to the same by the pressure or by wear; and such covering, not having been exposed to heat, retains its original strength and color; and the rubber, being separate, can be cured by heat in the most perfect manner."

The tribunals of the Patent Office found nothing new in the idea of closing the slit in the cover, through which the deflated ball has been passed, "by making new meshes between the edges thereof." The Commissioner said: "It is well known that fabrics may be knitted to any desired form and their free edges secured together by knitted stitches." We concur in this view.

No claim is made that it was necessary to design new machinery to complete the cover after the inflation of the ball. The prior art suggested the idea of knitting together the edges of the slit, and that idea was adopted.

Anyone skilled in the art, and who desired to produce a cloth or knitted cover for tennis balls, would have had no difficulty in producing the result found in the rejected claims, had he consulted the references. Two of these references contain the idea of covering inflated rubber balls with a crocheted or knitted cover. Another contains the idea of inserting a deflated rubber ball in a cover, inflating the ball, and then closing the aperture.

The decision of the Commissioner was right, and is therefore affirmed. The clerk of the court will certify this opinion and the proceedings in this court to the Commissioner of Patents according to law.                                    *Affirmed.*